**Leinart Law Firm**
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243

Bar Number:   00794156
Phone:   (469) 232-3328

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Tywanda Dene Quinn**          1729 Crooked Lane          Fort Worth, TX 76112 | xxx-xx-1842 | § § § § § | Case No:  **16-44730-rfn-13**  Date:  **12/27/2016**  Chapter 13 |

Debtor(s)

## DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

**DISCLOSURES**

☑  This *Plan* does not contain any nonstandard provision(s).

☐  This *Plan* does contain nonstandard provision(s).

☑  This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐  This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2016-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order").  All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | |
|---|---|---|
| Plan Payment: **$1,495.00** | Applicable Commitment Period: **36 months** | Estimated Unsecured Creditors Pool: **$242.33** |
| Plan Term: **60 months** | Disposable Income per § 1325(b)(2): **$0.00** | |
| Plan Base: **$89,700.00** | Value of Non-exempt property per § 1325(a)(4): **$242.33** | |

Case No:   16-44730-rfn-13
Debtor(s):   **Tywanda Dene Quinn**

---

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 10/1/16

**A.  PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

  **$1,495.00**  per month, months  **1**  to  **60**  .

For a total of   **$89,700.00**   (estimated "*Base Amount*").

First payment is due   **1/4/2017**   .

The applicable commitment period is   **36**   months.

Disposable Income calculated by *Debtor(s)* per § 1325(b)(2) is:   **$0.00**   .

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4) is:   **$242.33**   .

The unsecured creditor's pool, as estimated by the *Debtor(s)*, shall be no less than   **$242.33**   .

**B.  STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

  1.  **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are   **$0.00**   and shall be paid in full prior to disbursements to any other creditor.

  2.  **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2014-04 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

  3.  **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
|  |  |  |  |  |

**C.  ATTORNEY FEES:**  To   **Leinart Law Firm**  , total:   **$3,700.00**  ;
  **$0.00**   Pre-petition;   **$3,700.00**   disbursed by the *Trustee.*

Case No:    16-44730-rfn-13
Debtor(s):  **Tywanda Dene Quinn**

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| Wells Fargo Hm Mortgag 1729 Crooked Lane Ft. Worth, TX 76112 | $38,554.52 | | 0.00% | Month(s) 1-59 | Pro-Rata |

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| Wells Fargo Hm Mortgag 1729 Crooked Lane Ft. Worth, TX 76112 | 58 month(s) | $664.35 | 03/01/2017 |

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| Wells Fargo Hm Mortgag 1729 Crooked Lane Ft. Worth, TX 76112 | $1,328.70 | 01/01/2017-02/01/2017 | 0.00% | Month(s) 1-59 | Pro-Rata |

### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object.  In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

Case No:    16-44730-rfn-13
Debtor(s):  **Tywanda Dene Quinn**

F.  **SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| **USAA Federal Savings Bank**<br>**2008 Suzuki XL7** | $6,383.97 | $6,400.00 | Surrender |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

G.  **SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Tarrant County Tax Assessor** | 1729 Crooked Ln., Fort Worth, TX 76112 | $0.00 |

H.  **PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

I.  **SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

J.  **UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **ADT Security Services** | $200.00 | |
| **American Suzuki Financial Services/ASFS** | $0.00 | |
| **Bank Of America** | $800.00 | |
| **Bank of America** | $0.00 | |
| **Bank of America** | $0.00 | |
| **Barrett Daffin Frappier Turner & Engel** | $0.00 | |
| **Cach Llc/Square Two Financial** | $7,000.00 | |
| **Calvary Portfolio Services** | $1,246.00 | |
| **Calvary Portfolio Services** | $1,092.00 | |
| **Cap One** | $1,075.00 | |
| **Cap One** | $537.00 | |
| **Cap One** | $0.00 | |

Case No:     16-44730-rfn-13
Debtor(s):   **Tywanda Dene Quinn**

| | |
|---|---:|
| **Capital 1 Bank** | $1,453.00 |
| **Capital One** | $1,075.00 |
| **Cashcall Inc** | $0.00 |
| **Cato Corporation** | $1,247.00 |
| **Chase** | $3,185.00 |
| **Chase** | $822.00 |
| **Chevron Texaco/ Citicorp** | $0.00 |
| **Citibank Sd, Na** | $2,932.00 |
| **Citifinancial** | $0.00 |
| **Citifinancial** | $0.00 |
| **Citifinancial** | $0.00 |
| **Crd Prt Asso** | $60.00 |
| **Credit Systems International, Inc** | $299.00 |
| **Credit Systems International, Inc** | $278.00 |
| **Credit Systems Intl In** | $40.00 |
| **Financial Corporation Of America** | $104.00 |
| **GECRB/ HH Gregg** | $0.00 |
| **GECRB/Chevron** | $1,239.00 |
| **Gecrb/mervyns** | $0.00 |
| **Hillcrest Davidson & A** | $102.00 |
| **Hsbc Bank** | $0.00 |
| **Hsbc/rs** | $0.00 |
| **Langbert Fin** | $0.00 |
| **Syncb/mervyns** | $0.00 |
| **The Bureaus Inc.** | $636.00 |
| **The Limited/WFNNB** | $0.00 |
| **United Revenue Corp** | $1,277.00 |
| **Us Dept Of Ed/glelsi** | $59,781.00 |
| **Us Dept Of Education** | $0.00 |
| **Us Dept Of Education** | $0.00 |
| **Us Dept Of Education** | $0.00 |
| **Usaa Savings Bank** | $6,550.00 |
| **Usaa Savings Bank** | $0.00 |
| **World Finance Corp** | $1,340.00 |
| TOTAL SCHEDULED UNSECURED: | $94,370.00 |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**1%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

K.   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 10/1/16**

A.   **SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

B.   **ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

C.   **ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

D.(1)   **PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

D.(2)   **CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan*, *Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.

Unless otherwise ordered by the Court, if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

D.(3)   **POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

Case No:   16-44730-rfn-13
Debtor(s):   **Tywanda Dene Quinn**

**E.(1)   SECURED CLAIMS TO BE PAID BY TRUSTEE:**

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

**E.(2)   SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:**

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.   DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.   CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.   GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

K.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

L.  **CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

M.  **ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

N.  **POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

O.  **CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

P.  **CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

Q.  **CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

R.  **BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

S.  **NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

Case No:    16-44730-rfn-13
Debtor(s):  **Tywanda Dene Quinn**

---

T. **DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge.  Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law.  In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules.  Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*.  Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

U. **ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized.  Each numbered paragraph below is a level of payment.  All disbursements which are in a specified monthly amount are referred to as "per mo."  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis.  Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

Case No:    16-44730-rfn-13
Debtor(s):  **Tywanda Dene Quinn**

---

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

**V.   POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan.*

**W.  TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

Case No: 16-44730-rfn-13
Debtor(s): **Tywanda Dene Quinn**

---

**SECTION III
NONSTANDARD PROVISIONS**

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

| **/s/ Marcus Leinart** | |
|---|---|
| Marcus Leinart, Debtor's(s') Attorney | Debtor (if unrepresented by an attorney) |

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

| **/s/ Marcus Leinart** | **00794156** |
|---|---|
| Marcus Leinart, Debtor's(s') Counsel | State Bar Number |

Case No: 16-44730-rfn-13
Debtor(s): **Tywanda Dene Quinn**

---

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the __27th day of December, 2016__:

(List each party served, specifying the name and address of each party)

Dated: __December 27, 2016__      /s/ Marcus Leinart
                                  Marcus Leinart, Debtor's(s') Counsel

| | | |
|---|---|---|
| ADT Security Services<br>xxxxx9908<br>PO Box 650485<br>Dallas, TX 75265-0485 | Cach Llc/Square Two Financial<br>xxxxxxxx0633<br>Attention: Bankruptcy<br>4340 South Monaco St. 2nd Floor<br>Denver, CO 80237 | Capital 1 Bank<br>xxxxxxxxxxxx4075<br>Attn: Bankruptcy Dept.<br>PO Box 30285<br>Salt Lake City, UT 84130 |
| American Suzuki Financial<br>Services/ASFS<br>xxxxxxx0341<br>PO Box 380901<br>Bloomington, MN 55438 | Calvary Portfolio Services<br>xxxx6674<br>Attention: Bankruptcy Department<br>500 Summit Lake Dr. Suite 400<br>Valhalla, NY 10595 | Capital One<br>xxxxxxxxxxxx3624<br>Po Box 5253<br>Carol Stream, IL 60197 |
| Bank Of America<br>xxxxxxxxxxxx1186<br>Attention: Recovery Department<br>4161 Peidmont Pkwy.<br>Greensboro, NC 27410 | Calvary Portfolio Services<br>xxxx5488<br>Attention: Bankruptcy Department<br>500 Summit Lake Dr. Suite 400<br>Valhalla, NY 10595 | Cashcall Inc<br>xxx0506<br>Attn:Bankruptcy Department<br>1600 S Douglass Rd<br>Anaheim, CA 92806 |
| Bank of America<br>xxxxx0500<br>Attn: Correspondence Unit/CA6-919-02-41<br>PO Box 5170<br>Simi Valley, CA 93062 | Cap One<br>xxxxxxxxxxxx3624<br>Po Box 30253<br>Salt Lake City, UT 84130 | Cato Corporation<br>xxxxxxxx6085<br>Attn Bankruptcy/Credit Dept<br>8100 Denmark Rd<br>Charlotte, NC 28273 |
| Bank of America<br>xxxx9193<br>Attn: Correspondence Unit/CA6-919-02-41<br>PO Box 5170<br>Simi Valley, CA 93062 | Cap One<br>xxxxxxxxxxxx8847<br>Po Box 30253<br>Salt Lake City, UT 84130 | Chase<br>xxxxxxxxxxxx5629<br>201 N. Walnut St//de1-1027<br>Wilmington, DE 19801 |
| Barrett Daffin Frappier Turner & Enge<br>xxx0157<br>4004 Belt Line Rd., Ste 100<br>Addison, TX 75001 | Cap One<br>xxxxxxxxxxxx3277<br>Po Box 30253<br>Salt Lake City, UT 84130 | Chase<br>xxxxxxxxxxxx9045<br>201 N. Walnut St//de1-1027<br>Wilmington, DE 19801 |

Case No: 16-44730-rfn-13
Debtor(s): **Tywanda Dene Quinn**

---

| | | |
|---|---|---|
| Chevron Texaco/ Citicorp<br>xxxxxx1407<br>Citicorp Credit Svcs/Attn:Centralized Ba<br>PO Box 20507<br>Kansas City, MO 64195 | Credit Systems Intl In<br>xxxxx7317<br>1277 Country Club Ln<br>Fort Worth, TX 76112 | Hsbc Bank<br>xxxxxx3040<br>2929 Walden Ave<br>Depew, NY 14043 |
| Citibank Sd, Na<br>xxxxxxxxxxx9251<br>Attn: Centralized Bankruptcy<br>PO Box 20363<br>Kansas City, MO 64195 | Dept of Ed/Sallie Mae<br>PO Box 9635<br>Wilkes Barre, PA 18773-9635 | Hsbc/rs<br>xxxxxxxxxx4840<br>Attn: Bankruptcy Department<br>PO Box 5263<br>Carol Stream, IL 60197 |
| Citifinancial<br>xxxxxxxxxxxx0602<br>605 Munn Road<br>Fort Mill, SC 29715 | Financial Corporation Of America<br>xxxx8477<br>Attn: Bankruptcy<br>PO Box 203500<br>Austin, TX 78720 | Langbert Fin<br>xxxx1842<br>9400 N Central Exp<br>Dallas, TX 75231 |
| Citifinancial<br>xxxxxxxxxxxx2074<br>605 Munn Road<br>Fort Mill, SC 29715 | GECRB/ HH Gregg<br>xxxxxxxxxxxx1496<br>Attention: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 | Syncb/mervyns<br>xxxxxxxxxxxx3577<br>Po Box 965005<br>Orlando, FL 32896 |
| Citifinancial<br>xxxxxxxxxxxx2852<br>605 Munn Road<br>Fort Mill, SC 29715 | GECRB/Chevron<br>xxxxxxxxxxxx8768<br>Attention: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 | Tarrant County Tax Assessor<br>xxxx7771<br>100 E Weatherford<br>Ft. Worth, TX 76196 |
| Crd Prt Asso<br>xxxxxx4814<br>Attn: Bankruptcy<br>PO Box 802068<br>Dallas, TX 75380 | Gecrb/mervyns<br>xxxxxxxxxxxx3577<br>Po Box 965005<br>Orlando, FL 32896 | The Bureaus Inc.<br>xxxxx3769<br>Attention: Bankruptcy Dept.<br>1717 Central St.<br>Evanston, IL 60201 |
| Credit Systems International, Inc<br>xxxxx4289<br>1277 Country Club Lane<br>Fort Worth, TX 76112 | Great Lakes<br>PO Box 3059<br>Milwaukee, WI 53201-3059 | The Limited/WFNNB<br>xxxxx3485<br>WFNNB/Attn: Bankruptcy<br>PO Box 182686<br>Columbus, OH 43218 |
| Credit Systems International, Inc<br>xxxxx6599<br>1277 Country Club Lane<br>Fort Worth, TX 76112 | Hillcrest Davidson & A<br>xx5442<br>715 N Glenville Dr Ste 4<br>Richardson, TX 75081 | Tim Truman<br>6851 N.E. Loop 820, Ste 300<br>N. Richland Hills, TX 76180-6608 |

Case No: 16-44730-rfn-13
Debtor(s): **Tywanda Dene Quinn**

---

Tywanda Dene Quinn
1729 Crooked Lane
Fort Worth, TX 76112

Usaa Savings Bank
xxxxxxxxxxxx5167
Po Box 47504
San Antonio, TX 78265

United Revenue Corp
xxx6461
Attention: Office Manager
204 Billings St. Suite 120
Arlington, TX 76010

Wachovia Mortgage/World Savings
and Loan
xxxxxxxxx9217
Attn: Bankruptcy Dept.(T7419-015)
PO Box 659558
San Antonio, TX 78265

Us Dept Of Ed/glelsi
xxxxxxxxxxxx9581
Po Box 7860
Madison, WI 53707

Wells Fargo Hm Mortgag
xxxxxxxxx1379
7255 Baymeadows Way
Des Moines, IA 50306

Us Dept Of Education
xxxxxxxxxxxx0649
Attn: Bankruptcy
PO Box 16448
Saint Paul, MN 55116

World Finance Corp
xxxxxxx3401
World Acceptance Corp/Attn
Bankruptcy
PO Box 6429
Greenville, SC 29606

Us Dept Of Education
xxxxxxxxxxxx0749
Attn: Bankruptcy
PO Box 16448
Saint Paul, MN 55116

Us Dept Of Education
xxxxxx8424
Attn: Bankruptcy
PO Box 16448
Saint Paul, MN 55116

USAA Federal Savings Bank
xxxx0716
10750 McDermott Fwy
San Antonio, TX 78288

Usaa Savings Bank
xxxxxxxxxxxx7196
Po Box 47504
San Antonio, TX 78265

**Leinart Law Firm**
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243

Bar Number: **00794156**
Phone: **(469) 232-3328**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: **Tywanda Dene Quinn**<br>1729 Crooked Lane<br>Fort Worth, TX 76112 | xxx-xx-1842 | § § § § § | CASE NO: **16-44730-rfn-13** |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: 12/27/2016

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | | **$1,495.00** |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $104.30 | $104.65 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $57.75 | $0.00 |
| **Subtotal Expenses/Fees** | **$167.05** | **$104.65** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$1,327.95** | **$1,390.35** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | Total Adequate Protection Payments for Creditors Secured by Vehicles: | | | | $0.00 |

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| Wells Fargo Hm Mortgag | 1729 Crooked Lane Ft. Worth, TX | 03/01/2017 | $122,631.00 | $120,952.00 | $664.35 |
| | Payments for Current Post-Petition Mortgage Payments (Conduit): | | | | **$664.35** |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

**CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

| | |
|---|---|
| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | **$0.00** |

**TOTAL PRE-CONFIRMATION PAYMENTS**

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$1,327.95** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$664.35** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$726.00** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: **12/27/2016**

**/s/ Marcus Leinart**
Attorney for Debtor(s)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Tywanda Dene Quinn**  CASE NO. **16-44730-rfn-13**

CHAPTER **13**

### Certificate of Service

I hereby certify that on this date, I did serve a true and correct copy of the foregoing to the following interested parties and those listed on the attached matrix by United States Mail, First Class:

Date: **12/27/2016**  /s/ Marcus Leinart
**Marcus Leinart**
Attorney for the Debtor(s)

ADT Security Services
PO Box 650485
Dallas, TX 75265-0485

Cach Llc/Square Two Financial
Attention: Bankruptcy
4340 South Monaco St. 2nd Floor
Denver, CO 80237

Cashcall Inc
Attn:Bankruptcy Department
1600 S Douglass Rd
Anaheim, CA 92806

American Suzuki Financial
Services/ASFS
PO Box 380901
Bloomington, MN 55438

Calvary Portfolio Services
Attention: Bankruptcy Department
500 Summit Lake Dr. Suite 400
Valhalla, NY 10595

Cato Corporation
Attn Bankruptcy/Credit Dept
8100 Denmark Rd
Charlotte, NC 28273

Bank Of America
Attention: Recovery Department
4161 Peidmont Pkwy.
Greensboro, NC 27410

Cap One
Po Box 30253
Salt Lake City, UT 84130

Chase
201 N. Walnut St//de1-1027
Wilmington, DE 19801

Bank of America
Attn: Correspondence Unit/CA6-919-02-41
PO Box 5170
Simi Valley, CA 93062

Capital 1 Bank
Attn: Bankruptcy Dept.
PO Box 30285
Salt Lake City, UT 84130

Chevron Texaco/ Citicorp
Citicorp Credit Svcs/Attn:Centralized Ba
PO Box 20507
Kansas City, MO 64195

Barrett Daffin Frappier Turner & Engel
4004 Belt Line Rd., Ste 100
Addison, TX 75001

Capital One
Po Box 5253
Carol Stream, IL 60197

Citibank Sd, Na
Attn: Centralized Bankruptcy
PO Box 20363
Kansas City, MO 64195

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE: **Tywanda Dene Quinn**  CASE NO. **16-44730-rfn-13**

CHAPTER **13**

## Certificate of Service

(Continuation Sheet #1)

---

Citifinancial
605 Munn Road
Fort Mill, SC 29715

GECRB/Chevron
Attention: Bankruptcy
PO Box 103104
Roswell, GA 30076

Leinart Law Firm
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243


Crd Prt Asso
Attn: Bankruptcy
PO Box 802068
Dallas, TX 75380

Gecrb/mervyns
Po Box 965005
Orlando, FL 32896

Syncb/mervyns
Po Box 965005
Orlando, FL 32896


Credit Systems International, Inc
1277 Country Club Lane
Fort Worth, TX 76112

Great Lakes
PO Box 3059
Milwaukee, WI 53201-3059

Tarrant County Tax Assessor
100 E Weatherford
Ft. Worth, TX 76196


Credit Systems Intl In
1277 Country Club Ln
Fort Worth, TX 76112

Hillcrest Davidson & A
715 N Glenville Dr Ste 4
Richardson, TX 75081

The Bureaus Inc.
Attention: Bankruptcy Dept.
1717 Central St.
Evanston, IL 60201


Dept of Ed/Sallie Mae
PO Box 9635
Wilkes Barre, PA 18773-9635

Hsbc Bank
2929 Walden Ave
Depew, NY 14043

The Limited/WFNNB
WFNNB/Attn: Bankruptcy
PO Box 182686
Columbus, OH 43218


Financial Corporation Of America
Attn: Bankruptcy
PO Box 203500
Austin, TX 78720

Hsbc/rs
Attn: Bankruptcy Department
PO Box 5263
Carol Stream, IL 60197

Tim Truman
6851 N.E. Loop 820, Ste 300
N. Richland Hills, TX 76180-6608


GECRB/ HH Gregg
Attention: Bankruptcy
PO Box 103104
Roswell, GA 30076

Langbert Fin
9400 N Central Exp
Dallas, TX 75231

Tywanda Dene Quinn
1729 Crooked Lane
Fort Worth, TX 76112

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | **Tywanda Dene Quinn** | CASE NO. | **16-44730-rfn-13** |
| | | CHAPTER | **13** |

## Certificate of Service

(Continuation Sheet #2)

---

United Revenue Corp
Attention: Office Manager
204 Billings St. Suite 120
Arlington, TX 76010

Wells Fargo Hm Mortgag
7255 Baymeadows Way
Des Moines, IA 50306

United States Trustee- Northern District
1100 Commerce St, Rm 976
Dallas, TX 75242

World Finance Corp
World Acceptance Corp/Attn
Bankruptcy
PO Box 6429
Greenville, SC 29606

Us Dept Of Ed/glelsi
Po Box 7860
Madison, WI 53707

Us Dept Of Education
Attn: Bankruptcy
PO Box 16448
Saint Paul, MN 55116

USAA Federal Savings Bank
10750 McDermott Fwy
San Antonio, TX 78288

Usaa Savings Bank
Po Box 47504
San Antonio, TX 78265

Wachovia Mortgage/World Savings and Loan
Attn: Bankruptcy Dept.(T7419-015)
PO Box 659558
San Antonio, TX 78265